*Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576). Issues concerning navigational safety, littoral rights and access to navigable waters are not the type of matters within the common understanding of zoning boards of appeal and in may view, they are serious matters that should not be decided based on the conclusory assertions of persons lacking any demonstrated expertise on those subjects *(see, Town of Hempstead v Oceanside Yacht Harbor, supra,* 38 AD2d 263). As previously noted, implicit in the issuance of DOA permits was a consideration of navigational and property ownership concerns, and no expert testimony was presented adverse to petitioner. A designer testified that there would be no interference with access to the navigable channel by riparian owners. The remaining evidence consisted of the opinions of various residents, some of whom opined that there would be interference with access and an imposition on safety and some who offered a contrary opinion. The ZBA also relied upon a public opinion survey conducted prior to enactment of the law. Reliance upon the public opinion survey, community pressure, general objections of Board members and the conclusory assertions of witnesses was improper in this case *(see, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802; *Matter of Gernatt Gravel Prods. v Town of Collins,* 105 AD2d 1057, 1059; *Matter of Sullivan v Town Bd.,* 102 AD2d 113, 115, *appeal dismissed* 63 NY2d 952). Accordingly, I would reverse and grant the petition. (Appeal from judgment of Supreme Court, Monroe County, Siracuse, J.—art 78.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.

■ NANCY R. BARON, Appellant, v EARL I. WADHAMS, INC., et al., Respondents. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Hull v Feinberg,* 113 AD2d 964; 10 Carmody-Wait 2d, NY Prac § 70:25, at 292-293). (Appeal from order of Supreme Court, Ontario County, Reed, J.— vacate default.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.

■ NANCY R. BARON, Appellant, v EARL I. WADHAMS, INC., et al., Respondents. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Special Term properly exercised its discretion in denying plaintiff's motion to vacate the order, entered on default and dismissing the action on the ground of law office failure (CPLR 5015 [a] [1]; 2005). CPLR 2005 permits a court to excuse a default for law office failure; however, there must be a reasonable excuse for the delay and an affidavit of merits *(see, Fidelity & Deposit Co. v Andersen &*